**In re the Marriage of Lola M. FICK, Petitioner, Respondent,**

v.

**Herbert J. FICK, Appellant.**

**No. C2–85–410.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

James M. Crow, Lampe, Fossum & Crow, Northfield, for respondent.

Caryn F. Brenner and John J. McDonald, Jr., Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for appellant.

Heard, considered, and decided by WOZ-NIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Herbert J. Fick appeals from a judgment and decree entered dissolving his marriage to Lola M. Fick. He disputes the trial court's award of spousal maintenance, valuation and distribution of certain items of marital property, and award of attorney's fees to his ex-wife. We affirm.

## FACTS

Appellant Herbert Fick and respondent Lola Fick were married in 1960. At the time of trial in 1983, he was 46 and she was 47 years old. They have two adult children, ages 22 and 20, and one minor child, age 14.

The Ficks lived in Northfield, Minnesota for most of their marriage. They met while attending St. Olaf College. Lola Fick graduated with a bachelors degree in sociology and psychology in 1958. Prior to the marriage, she worked for two years as a parole agent. Herbert Fick obtained his bachelors degree from St. Olaf in 1959 and his masters degree in chemistry from the University of Chicago in 1960. He received a grant from the Dupont Company to pay for his graduate education.

During the marriage, Lola Fick worked little outside the home. In 1979, she began her current job with the Rice County Department of Social Services licensing foster care homes and day care homes. She earns between $16,800 and $17,300 a year. Her future plans include returning to graduate school for her masters degree in social work (MSW). At the time of trial, she had not yet applied to graduate school; at the time of oral arguments before this court, she had been accepted into the program at Mankato State University.

For most of his career, Herbert Fick worked as a chemist for Sheldahl, Inc. In the early 1970's, he began a part-time consulting business while continuing to work full-time at Sheldahl. In May 1982, Herbert Fick quit his job with Sheldahl and began working full-time as an independent consultant and manufacturer.

At the time of trial, he testified that his income from manufacturing had dropped substantially, due to a decrease in demand for the particular products he made. As a consultant, he worked almost exclusively for the Bergquist Company, billing himself out at $770 a week. Based upon his weekly billings, he estimated that his net monthly income at the time of trial was $1,673.75. The trial court, however, estimated his net monthly income to be $3,600 based upon the average of his yearly income for the years 1979 through 1982.

The Ficks first separated in March 1979, when a divorce proceeding was commenced. After three years apart, the parties reconciled in May 1982 and jointly dismissed the divorce proceedings and the temporary order. The reconciliation lasted only two weeks and Herbert Fick again moved out of the family residence in June 1982. Lola Fick filed the present petition to dissolve the marriage in October 1982. The matter was finally tried in October 1983.

The parties were awarded joint legal custody of their fourteen-year old son, with Lola Fick receiving physical custody. Herbert Fick was ordered to pay child support in the amount of $500 per month and spousal maintenance of $200 per month for a period of up to eight years. Lola Fick was awarded attorney's fees of $2,000. Lola Fick received approximately 51 percent of the marital assets and Herbert Fick approximately 49 percent.

The trial court denied Herbert Fick's motion for amended findings or for a new trial. It granted Lola Fick's motion to amend the commencement of spousal maintenance to June 1, 1984, instead of November 1, 1983 as originally ordered by the court. Herbert Fick appeals.

## ISSUES

1. Did the trial court abuse its discretion by awarding spousal maintenance of

$200 per month for a period of up to eight years?

2. Did the trial court abuse its discretion in its valuation or division of the marital property?

3. Did the trial court abuse its discretion by awarding respondent $2,000 in attorney's fees?

## DISCUSSION

### I

The trial court is afforded broad discretion with respect to spousal maintenance; "[t]here must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion." *Wiltsey v. Wiltsey,* 357 N.W.2d 400, 402 (Minn. Ct.App.1984) (citing *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). The amount of maintenance and the length of time it should be given, "shall be * * * as the court deems just." Minn.Stat. § 518.552, subd. 2 (1984). A court must balance the financial needs of Lola Fick and her ability to meet those needs against Herbert Fick's financial condition. *Erlandson v. Erlandson,* 318 N.W.2d 36, 39–40 (Minn.1982).

Herbert Fick contends that Lola Fick does not need maintenance because she has ample property and employment to meet her needs. The trial court disagreed. It recognized that while Lola Fick received nearly $115,000 in assets upon dissolution of the marriage, most of those assets were non-liquid and not income producing. Considering her income, the trial court estimated that she would need an additional $810 per month to meet her expenses. Comparing her needs to Herbert Fick's financial condition, the trial court awarded her $200 per month in maintenance and $500 in child support.

Averaging his income from the years 1979 through 1982, the trial court found Herbert Fick had a current monthly income of $1,400 after living and business expenses. In the past, we have rejected such an averaging of income and have required a finding of a spouse's present ability to pay support and maintenance. *Kramer v.*

*Kramer,* 372 N.W.2d 364, 367 (Minn.Ct. App.1985). In *Kramer,* however, the trial court's division of marital property substantially changed the husband's source of income. Here, any change in Herbert Fick's source of income has been largely voluntary and the evidence suggests that his income from consulting may be greater than his income from his job at Sheldahl. The trial court's conclusion that he has the present ability to pay $200 per month in maintenance is not unreasonable.

Herbert Fick also contends that the trial court abused its discretion in awarding Lola Fick maintenance for a period of eight years, especially when she testified that it would take her two years to obtain her MSW and that she could then expect to earn $30,000 a year. Lola Fick originally requested maintenance of $500 per month for a period of six years. She reasoned that she should not begin a two-year graduate program for four more years, when her son would be out of high school. The trial court was not bound by this figure. *Elwell v. Elwell,* 372 N.W.2d 67, 70 (Minn.Ct.App.1985). Given Lola Fick's comparatively limited earning potential and the likelihood that she will pursue further education, the trial court's award of maintenance for eight years bears a reasonable relationship to its underlying basis, i.e. to augment Lola Fick's income so she can meet her reasonable financial needs. *Fink v. Fink,* 366 N.W.2d 340 (Minn.Ct.App.1985).

While we might well have awarded Lola Fick greater maintenance for a shorter period, we will not disturb a result that is well within the sound discretion of the trial court. Should Lola Fick finish her education and secure gainful employment in her field, Herbert Fick is entirely free to seek a modification of the maintenance award. The burden, however, would be on him to prove that modification is warranted.

### II

*Valuation*

Precision is not required of the trial court in the valuation of assets in a dissolu-

tion proceeding; it is only necessary that the value arrived at lies within a reasonable range of figures. *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979); *Peterson v. Peterson*, 367 N.W.2d 90, 95 (Minn.Ct.App. 1985). Nonetheless, exercise of the trial court's discretion "is not unlimited and should be supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court." *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn.1983).

■ Herbert Fick disputes the trial court's valuation of certain assets which were awarded to him, including three bank accounts and some U.S. Bonds. He contends that the trial court erred in adopting Lola Fick's proposed property valuation and division in its entirety. He argues that this property should have been valued as of the time of trial and not as of the time of the parties' separation. As a result, he asserts that the trial court credited him with $14,600 in assets which do not exist.

The values of these assets were based upon Herbert Fick's June 1982 answers to interrogatories. He claims that by the time of trial in October 1983, these assets had decreased substantially. The evidence indicates that some of these assets were given by him to the parties' older children; the rest are untraceable due to Herbert Fick's own poor bookkeeping habits. While the evidence does not establish that he purposefully concealed, dissipated, or misused the assets in anticipation of the divorce, he nevertheless exercised dominion over the property and had discretion over the use of the money. Under these circumstances, the trial court did not err by adopting Herbert Fick's own values as of the time of the separation.

*Tax Consequences*

Herbert Fick argues that the trial court should have considered the tax consequences of the property division. He asserts that tax-wise it would have been better for him to receive the lake property instead of the IRAs.

■ A trial court should not consider tax consequences of a property award when to do so would force the court to speculate. *O'Brien v. O'Brien*, 343 N.W.2d 850, 854 (Minn.1984). If a taxable event will occur within a short time after the dissolution, however, the court should consider its tax consequences. *Helland v. Helland*, 354 N.W.2d 591, 593 (Minn.Ct. App.1984). A taxable event in this case would be either the sale of real property or withdrawal of IRA funds. Herbert Fick proposed that he be awarded the lake property in place of an IRA. He theorizes that if he sold the lake property, he would obtain ready cash and receive capital gain tax treatment. If he cashed in an IRA, he would realize ordinary income and be penalized for cashing it in early.

An examination of the record convinces this court that any consideration of the tax consequences of the property division would have been pure speculation. No evidence was presented at trial on the occurrence or consequences of a taxable event. Nor did either party indicate at trial an intent to sell any real estate or cash in any IRA awarded them.

### III

The trial court awarded respondent a total of $2,000 in attorney's fees pursuant to Minn.Stat. § 518.14 (1984). An allowance of attorney's fees will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct. App.1984). Herbert Fick argues that Lola Fick is gainfully employed and capable of paying her own legal fees. For the first time, he also argues that she failed to provide any documentation on the amount of fees owed or proof of the value of counsel's services.

■ In awarding attorney's fees, the court should consider the relative financial resources of the parties. Minn.Stat. § 518.14. In this case, there is a great disparity between the parties' income. Moreover, most of Lola Fick's property is in the form of real estate and other non-liq-

uid assets. Herbert Fick, on the other hand, received most of the cash assets.

While Lola Fick did not provide a current statement of fees owed, the trial court was in a good position to estimate the value of the services rendered. The record does contain an affidavit from Lola Fick stating that as of May 1983, she had incurred attorney's fees of $1,417.50 and had paid a $500 retainer. The trial court's award of $2,000 in attorney's fees was not an abuse of discretion under these circumstances.

## DECISION

The trial court did not abuse its discretion in its award of maintenance or attorney's fees, or in its division and valuation of property.

Affirmed.