**In re the Marriage of Irene E. RANIK, Petitioner, Respondent,**

v.

**Walter RANIK, Appellant.**

**No. C2–85–1444.**

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied May 22, 1986.

Todd R. Haugan, Katz, Lange, Davis & Manka, Ltd., Minneapolis, for respondent.

Dale M. Wagner, Moss & Barnett, Byron W. McCullagh, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Walter Ranik challenges the trial court's property division in a marriage dissolution decree. We affirm.

## FACTS

The parties were married in 1955, and separated in 1983. Their marriage was dissolved in April 1985. At the time of trial, appellant was 62 and respondent Irene Rantala (formerly known as Irene Ranik) was 54. The two children of the marriage are both adults.

Appellant worked for a railroad throughout the marriage until his retirement in 1980. He currently receives retirement benefits of approximately $1,010 per month. Respondent was employed prior to the parties' marriage, but after the marriage she devoted her time to maintaining a home for appellant, his mother and the parties' children. In 1964, respondent resumed part-time employment. She began working full-time with Dayton's in 1976 and remains so employed as a commission sales person. Her 1983 gross income was $23,000 and her 1984 gross income was slightly higher.

The parties stipulated that each could retain their respective retirement benefits and neither sought maintenance from the other.

During the course of their marriage, the parties purchased or built four residences. Prior to the parties' marriage, appellant's mother sold her home and the sale proceeds of approximately $9,000-$10,000 were used to help build the parties' first home. Respondent testified at trial that the parties planned the house together. The home was built with separate living quarters for appellant's mother, and that home was in her name.

In 1959, the first home was sold and another home was constructed. The proceeds from the sale of the first home were used to build the second one. Appellant's mother executed a warranty deed to this property to appellant in 1963.

In 1964, the second home was sold and the proceeds were used to purchase a third home. Approximately one year later, this third home was sold and the proceeds were used to build the present homestead. The parties held title to the last two homes in joint tenancy, and joint funds and income were used to maintain and improve those two homes.

Appellant's mother resided with the parties for approximately eighteen years. She had a stroke in 1973 and moved to a nursing home where she died in 1975. Respondent testified that she and the rest of the family took care of appellant's mother and provided for her daily needs. Appellant testified that his mother took care of herself and lived off her pension. Appellant's mother never paid rent to the parties and the parties never paid rent to her.

When appellant's mother had a stroke in 1973, the parties found approximately $8,000 in her possession. Respondent testified that this money was deposited in the parties' joint savings account at the First Bank of Robbinsdale. Appellant testified that it was deposited into a separate account that he held for his mother's funds.

During the parties' marriage, respondent's mother established a joint account for herself, respondent and respondent's sister. Respondent inherited approximately $21,000 of these funds when her mother died in 1982. Respondent always maintained a separate account for these funds and at the time of trial, the balance in this account was approximately $14,000.

After a three-day trial on the issue of property distribution, the trial court found that appellant failed to show that the homestead is his nonmarital property. The court determined that the $8,000 found in appellant's mother's possession in 1973 was appellant's nonmarital property.

The trial court also determined that the funds that respondent inherited from her mother were nonmarital property. The court found that the parties maintained approximately $53,000 in joint savings accounts and certificates of deposit. After subtracting appellant's $8,000 nonmarital interest in these funds, the court evenly divided the remaining balance of $46,000 between the parties. The court awarded respondent an automobile valued at approximately $2,000. Appellant was awarded $1,100 that the parties' son owed him from

the sale of one of their automobiles. Appellant was also awarded an automobile valued at $5,900 that he bought after the parties separated, and a boat and motor valued at $1,500.

The court ordered the sale of the homestead and awarded respondent $4,960 from the sale proceeds to equalize the property distribution. The remaining sale proceeds were to be divided equally between the parties.

The property distribution resulted in appellant receiving property valued at approximately $27,540 and respondent receiving property valued at approximately $27,960.

The trial court denied appellant's motion for a new trial or, in the alternative, amended findings and conclusions.

### ISSUES

Did the trial abuse its discretion:

(a) in determining that the homestead is marital property?

(b) in failing to award appellant interest on the nonmarital portion of the parties' savings?

(c) in the way it dealt with appellant's automobile when dividing the marital property?

(d) in failing to consider the statutory factors in Minn.Stat. § 518.58 (1982) when dividing the parties' property?

### ANALYSIS

#### I.

Appellant argues that the trial court abused its discretion in finding that the homestead is entirely marital property. He contends that he has a nonmarital interest in the homestead derived from his mother's investment in the parties' first home.

A trial court has broad discretion in dividing marital property upon dissolution of a marriage. *Miller v. Miller*, 352 N.W.2d 738, 741–42 (Minn.1984). Even though we might have taken a different approach, we will not reverse the trial court's decision absent a clear abuse of its discretion. *Id.*

There must be a clearly erroneous conclusion that is against logic and the facts in the record before we will find that the trial court abused its discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

Marital property is property acquired during a marriage. Minn.Stat. § 518.54, subd. 5 (1982). Such property is presumed to be marital property regardless of whether title is held individually or in some form of co-ownership. *Id.* The presumption can be overcome by showing that the property is nonmarital. *Id.* Nonmarital property is property, in part, which:

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

(b) is acquired before the marriage;

(c) is acquired in exchange for or is the increase in value of property which is described in clauses (a) [and] (b) * * *.

Minn.Stat. § 518.54, subd. 5 (1982). The party seeking to prove that property is nonmarital must do so by a preponderance of evidence. *Cummings v. Cummings*, 376 N.W.2d 726, 731 (Minn.Ct.App.1985).

The trial court determined that appellant did not meet his burden of proving that the homestead is nonmarital property. We believe the trial court properly weighed the manner in which the parties treated the homestead during their marriage and considered it accordingly when making the property division. *See Tucker v. Tucker*, 368 N.W.2d 335, 337 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Aug. 20, 1985). There is evidence supporting a finding that if appellant's mother's investment was nonmarital, it was transmuted to marital property. The initial investment contributed to the cost of the parties' first home which respondent testified the parties planned and built together. Subsequently, they bought and sold two other homes before buying the present homestead. Both parties contributed substantial time and money to constructing (or finishing construction), maintaining and improving each of these homes.

Appellant argues that the circumstances here are similar to those in *Hein v. Hein*, 366 N.W.2d 646 (Minn.Ct.App.1985), where the court traced an inheritance received by the husband to the homestead. However, the property distribution in each marriage dissolution case must be decided in light of the facts of that case. *Krohn v. Krohn*, 284 Minn. 95, 98, 169 N.W.2d 389, 391 (1969). The precedential value of comparing the particular facts in one case to the facts in another case is slight at best. *Id.*

We find no abuse of direction in the trial court's determination that the homestead is marital property.

## II.

■ Appellant also contends that the trial court erred in failing to award him as nonmarital property the interest that has accrued on the $8,000 found in his mother's possession in 1973. The trial court determined that the $8,000 is nonmarital property, but it did not designate the accrued interest as nonmarital.

The trial court determined that the nonmarital funds were placed in a joint savings account. The parties used this account to purchase new assets and pay for their living expenses. In view of the nature of the account and the parties' use of it, we cannot deem the court to have abused its discretion in awarding appellant the $8,000 without interest. *Cf. Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981).

Appellant argues that it is unfair that he be denied interest on the $8,000 when respondent received the interest on her inheritance from her mother. We do not believe the trial court abused its discretion in making a distinction between the two funds. Respondent's inheritance was always maintained in a separate account and the interest on the inheritance is readily traceable to respondent's nonmarital property. The parties did not deposit any other funds in this separate account and they did not use money from the account for their living expenses.

## III.

■ Appellant argues that the trial court erred in awarding him a car that he bought after the parties separated while also including the cost of the car in his share of the property distribution. Appellant bought the car when he still had access to the parties' joint funds, but he claims that he bought the car with his own funds. We find no abuse of discretion in the trial court's decision to award appellant the automobile while also including it as an asset in appellant's share of the property.

## IV.

■ In support of appellant's other arguments, he asserts that the trial court did not base its findings on the statutory factors set forth in Minn.Stat. § 518.58 (1982). He contends that the parties' property should be redistributed as he requests on appeal, because he is eight years older than respondent, disabled as a result of a nervous disorder and receives an inadequate income from his retirement benefits. He compares his financial circumstances unfavorably to those of respondent who is still gainfully employed and has the potential for acquiring future assets. Appellant did not seek an award of maintenance, which would have been considered pursuant to Minn.Stat. § 518.552 (1982). Instead, he seeks an unequal distribution of property under Minn.Stat. § 518.58.

Minn.Stat. § 518.58 (1982) provides in part that:

> [T]he court shall make a just and equitable division of the marital property of the parties * * *. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party.

There was a great deal of conflicting testimony about the parties' property throughout the trial before the court. Given these circumstances, we must defer to

**436**

the trial court's opportunity to judge the credibility of the witnesses and resolve the conflicts in the testimony. *Estate of Serbus v. Serbus,* 324 N.W.2d 381, 384–85 (Minn.1982). We cannot say that the trial court's property division was unjust or inequitable based on the factors set forth in Minn.Stat. § 518.58.

### DECISION

The trial court did not abuse its discretion in dividing the parties' property.

Affirmed.