In re the Marriage of Elizabeth Marie WORDEN, Petitioner, Respondent,

v.

John William WORDEN, Appellant.

No. C4–86–1665.

Court of Appeals of Minnesota.

April 14, 1987.

Robert A. Standke, Minnetonka, for petitioner, respondent.

Michael J. Froelich, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and STONE,* JJ., with oral argument waived.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

CRIPPEN, Judge.

In this dissolution appeal, the parties dispute the value of their business, the division of property, the amount of income available for child support, and attorney fees. We affirm.

## FACTS

Elizabeth and John Worden were married in 1968 and are the parents of one minor child, born in 1975. The parties separated in 1984 and their marriage was dissolved by judgment entered in July 1986. They stipulated to joint legal custody of their child, with physical custody in respondent Elizabeth Worden and reasonable visitation for appellant.

Each party was awarded one of their two marital assets. Respondent was awarded the homestead, valued at $92,000 and subject to a $26,000 mortgage. Appellant John Worden and his father testified the homestead was also subject to a $13,000 debt to the father, money he loaned the parties for a downpayment when they purchased the house in 1975. The trial court found the $13,000 was an outstanding marital debt and held appellant responsible for the debt.

Appellant was awarded W & S Company, a closely held trucking business purchased by the parties in 1978. Both parties presented expert testimony on the value of the business. The experts agreed that the main asset of the business is its inventory, primarily trucks and trailers, and that the net equity in the inventory is $98,000.

In assigning a value to the business, the experts applied different accounting methods and reached significantly different conclusions. Elizabeth Worden's expert reviewed the business as an ongoing concern. He testified that evidence of increased sales and a rapid reduction of long term debt justified a goodwill value of $100,000, in addition to the $98,000 equity in the inventory. Appellant's expert, however, reviewed the liquidation value of the business. He subtracted the company's outstanding debts and the cost of selling the assets from the fair market value of the inventory and assigned only a minimal goodwill value. Respondent's expert concluded the business is worth $200,000; appellant's expert concluded the business has only a negative net worth of $3500 or, with the addition of the goodwill value, a positive net worth of as much as $10,000.

The trial court valued the business at $98,000, the mutually recognized agreed equity in inventory. The trial court observed that "the valuation of a closely held business is a difficult task" and characterized its determination as "a conservative estimate of the worth of the company."

The court also found that John Worden's income "is difficult to ascertain." The court reviewed past income tax returns and found appellant earned net income of $17,885 in 1982, $16,803 in 1983, and $23,419 in 1984. The court estimated appellant's current net income at $20,000, for a net monthly income of $1,653.84. Given this net monthly income, the court found the child support guidelines require monthly support of $416.67.

Appellant contests the trial court's valuation of W & S Company, division of property, and determination of his income. Respondent alleges error in the trial court's denial of her attorney fees.

## ISSUES

1. Did the trial court properly value and distribute the marital property?

2. Did the trial court err in determining appellant's income for child support?

3. Did the trial court abuse its discretion in denying respondent's request for attorney fees?

## ANALYSIS

■ 1. A trial court's valuation of a business in a dissolution action is a finding of fact that will not be set aside on appeal unless clearly erroneous on the record as a whole. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975). A valuation will be sustained "if it falls within the limits of credible estimates made by competent wit-

nesses, even if it does not coincide exactly with the estimate of any one of them." *Id.*

▮ The trial court valued W & S Company at $98,000, based on the agreed upon net equity in inventory. The court rejected appellant's evidence that the business has a net worth of no more than a positive $10,000 or as little as a negative $3500 if the goodwill value were entirely disregarded. It also rejected respondent's evidence that goodwill was worth at least $100,000. After examining "the testimony of the expert witnesses and Mr. John Worden carefully," the court concluded: "The value of good will to this corporation is too speculative for the Court to add an amount * * * as and for good will."

Adequate evidence supports the trial court's decision to reject appellant's evidence that the business has a negative value. Appellant's expert urged consideration of accounts payable, which far exceeded accounts receivable at the time of the dissolution hearing. The trial court, however, viewed the evidence of accounts payable and receivable as only a temporary picture of a seasonal business and concluded the accounts would offset each other over the course of the fiscal year. There is no clear error in the court's finding that these accounts need not be factored into the evaluation of the business.

The trial court supported its determination with the additional observation that W & S Company is income-producing property. The court found that between 1983 and 1985, and despite a 10–week shutdown in 1984, gross sales increased from $626,411 to $1,358,138. It concluded the financial figures "indicate that there is a good customer base and that W & S Company can continue to operate successfully." Indeed, the court felt respondent's expert testimony gave support to a value that was much greater than $98,000, but properly chose to avoid any speculative judgments and thus assigned the business a conservative estimated value.

Appellant contends the trial court's method of evaluation is a "mere average" of the expert's estimates and thus should be rejected as arbitrary. He cites *Balogh*

*v. Balogh,* 356 N.W.2d 307 (Minn.Ct.App. 1984), in which this court found a trial court's averaging approach to be unfair when there was a great disparity in figures submitted by two opposing experts. *Id.* at 313.

Unlike this case, however, the finding of arbitrariness in *Balogh* rested on the "particularly troubling" fact that "the trial court made no findings which might tend to demonstrate why or how he arrived at this middle figure." *Id.* Appellant has not shown any such arbitrariness by the trial court here. The court explained its reasons for valuing the business and for rejecting appellant's evidence. The court also considered respondent's evidence on goodwill but found it overly speculative, a finding that respondent has accepted upon appeal. The trial court's determination is not a mere average but reflects consideration of all evidence presented and of the mutually recognized net equity in inventory.

Appellant also claims the trial court's division of marital property was unfair and inequitable. *See* Minn.Stat. § 518.58 (1986). The court awarded respondent the homestead, which has a net equity of $66,000, and awarded appellant W & S Company, valued at $98,000. The court also ordered appellant to pay the parties' only marital debt of $13,000.

▮ The trial court is vested with broad discretion in the determination of the appropriate property division, and its determination should be affirmed if it has a reasonable and acceptable basis in fact and principle. *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983). Here, appellant states no reason to disturb the property division other than his continuing objection to the trial court's valuation of W & S Company. Based on his expert's opinion, appellant claims his property award has a negative worth while respondent was awarded a valuable asset. We reaffirm our agreement with the trial court's decision on the value of W & S Company, and find no abuse of discretion in the court's division of property.

We also find no merit in appellant's claim that the court did not specifically set forth an explanation for its award within its findings. The trial court carefully explained its rationale and made findings that relate to each factor listed in the statute as relevant to the division of marital property. *See* Minn.Stat. § 518.58 (1986). The findings are sufficient to facilitate our review and to explain the trial court's decision to the parties.

 2. Appellant also alleges error in the trial court's determination of his income. The court based its finding on the couple's joint income tax returns, but appellant claims the court did not take into account the portion of reported income that reflected respondent's earnings. Appellant has not supported this claim with evidence showing the amount of income attributable to respondent in 1982 or 1983. Appellant's failure to provide adequate information was also an issue before the trial court. The court particularly criticized appellant for not providing income data for 1985 even though the dissolution hearing did not take place until May 1986.

The trial court properly considered appellant's earnings history as it faced the difficult task of ascertaining the income of a self-employed person. *See LeTendre v. Le-Tendre*, 388 N.W.2d 412, 416 (Minn.Ct.App. 1986). The trial court estimated that appellant had annual net income of $20,000 at the time of the hearing. The court observed that appellant's 1984 gross income totaled $27,000, or $23,419 net income after taxes. The record suggests appellant argued at the post-trial hearing that the trial court's finding on gross income was $5000 too high. Even accepting appellant's argument, his income after taxes would have exceeded $18,000 for 1984. The trial court's estimate of appellant's current net income is not clearly erroneous.

3. Respondent Elizabeth Worden claims the court abused its discretion in denying her motion for attorney fees. The denial of fees may be an abuse of discretion when there is a wide disparity in the financial resources of the parties. *See, e.g., Nash v. Nash*, 388 N.W.2d 777, 782

(Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 20, 1986); *Schultz v. Schultz*, 383 N.W.2d 379, 382–83 (Minn.Ct.App. 1986). Respondent has not shown that appellant has significantly greater financial resources. The trial court's evaluation of the marital business demonstrates the limited nature of appellant's resources. The circumstances do not present that rare case indicating an abuse of discretion on the issue of legal expenses. *See Witeli v. Witeli*, 392 N.W.2d 756, 758 (Minn.Ct.App. 1986).

## DECISION

The trial court did not err in valuing the marital business, distributing property, or determining appellant's income. The court's denial of attorney fees was within its discretion.

Affirmed.