In re the Marriage of Frank Maurice **BATSELL, Petitioner, Appellant,**

v.

**Grace Jean BATSELL, Respondent.**

No. C2-87-458.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Review Denied Sept. 30, 1987.

Nancy Olkon, Ellis Olkon, Minneapolis, for appellant.

Alan G. Jontz, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Frank Batsell and respondent Grace Batsell were divorced in 1969, but, through error, the property division did not include the home they owned. Frank commenced this action in 1986 to obtain clear title to the property in order to sell it. The family court referee awarded Frank title, subject to a lien by Grace for half of the net equity in the house, after deduction of Frank's principal payments of $12,750. The district court affirmed the referee's findings, and this appeal followed. We reverse and remand.

## FACTS

Frank and Grace were married in November 1965. They had one child, Roberta, born prior to the marriage in September 1964. At the time of the marriage and thereafter, both parties were involved in prostitution. Frank also had income from his veteran's pension and his alleged skill as a pool player.

Shortly after the marriage, a home was purchased in Minneapolis. The purchase price was $12,750. No down payment was required. The terms of the contract for deed required payment of $121 every month with every third month's payment to be $146.

Grace abandoned the marriage, Roberta, and the homestead in early 1966 and never returned to live in the property.

Frank contends that Grace left the home on February 10, 1966. She disputes that date and claims that she left sometime during the summer of 1966.

Grace acknowledges moving out of state, but asserts that she maintained contact with members of Frank's family in order to receive information concerning their daughter. When the child was hospitalized in 1968, respondent visited her at the hospital.

In October 1968, Frank commenced a divorce action. Contending that he did not know and could not learn Grace's whereabouts, Frank was allowed to serve the process by publication. Following Grace's failure to appear, a default judgment and decree was entered on March 19, 1969. However, because the published notice had an insufficient legal description of the home, the court did not have jurisdiction to make an award of the property.

Custody of Roberta was awarded to Frank, and he and the child continued to live in the home. Frank raised and supported her for twelve years. Roberta went to live with Grace in 1977 and Grace supported her until her emancipation five years later. There was no legal change of custody.

It is undisputed that Frank has lived in the home continuously since its purchase, made all the mortgage payments and improvements, and performed all the maintenance on the home. All appreciation accumulated over the 18 years since the divorce and the 21 years since the separation was the result of Frank's payment of the $12,750 contract price, plus approximately $30,000 in interest. The home is currently valued at $37,000.

Frank remarried in 1979, and he and his wife continue to live in the home. In October 1986, Frank moved the court to obtain clear title to the house in order to sell it. The family court referee conducted an evidentiary hearing to determine how long the parties had lived together following the marriage. The referee found that Grace had left the home in April of 1966, and proceeded to award her a lien on the property for half the net equity in the home after deduction of Frank's principal payment of $12,750. Frank sought district court review and presented a letter from Grace dated February 10, 1966, stating that she was leaving Frank on that date.[1] The district court affirmed the referee's findings and also the award of the lien to Grace. An amended judgment was entered awarding Frank title to the property, subject to the lien of one-half of the net equity.

## ISSUE

Did the trial court abuse its discretion in awarding respondent a lien for half the net equity in the home?

## ANALYSIS

The parties correctly agree the 1986 statutes govern this division of property.

**1.** After the referee's findings, Frank located a letter dated February 10, 1966, in Grace's handwriting, indicating unequivocally that she was leaving Frank on that date. Frank asks this

*Boom v. Boom,* 367 N.W.2d 536, 538 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. June 27, 1987); Minn.Stat. § 518.58 (1986). Consequently, the court has authority to order a division of the property under the current statutory provision:

> the court shall make a just and equitable division of the marital property of the parties without regard to marital misconduct, after making findings * * * on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property *while they were living together as husband and wife.*

Minn.Stat. § 518.58 (1986) (emphasis added).

The trial court has broad discretion in making property divisions. *Miller v. Miller,* 352 N.W.2d 738, 741–42 (Minn.1984); *Stassen v. Stassen,* 351 N.W.2d 20, 23 (Minn.Ct.App.1984). Before finding that the court abused its discretion, this court must conclude that there was a "clearly erroneous conclusion that is against logic and the facts in the record." *Ranik v. Ranik,* 383 N.W.2d 431, 434 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. May 22, 1986) (citing *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). The division of property must be affirmed if it has a "reasonable and acceptable basis in fact and principle." *Kreidler v. Kreidler,* 348 N.W.2d 780, 782–83 (Minn.Ct.App.1984) (quoting *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983)).

court to consider this letter since the district court refused. Considering the rationale of our opinion, we do not consider it material whether Grace lived in the home for three or six months.

Here, the referee found and the district court affirmed that the parties lived together from the time of the marriage on November 2, 1965, until April of 1966. Frank disputes this finding, contending that Grace left the home on February 10, 1966. Whether the parties lived together for six months, as the court found, or three months, as Frank contends, the marital relationship was clearly of a very short duration. We do not consider it necessary to further determine the length of time involved, particularly in view of the uncontested fact Frank has continued to live in the home for more than twenty years since the separation.

Under the requirements of Minn.Stat. § 518.58, we must conclusively presume that, during the time the parties lived together as husband and wife, each spouse made a substantial contribution to the acquisition of the house. However, that presumption does not apply to the period of time when the parties no longer lived together. There is no allegation by Grace that she made any contribution to the acquisition following her departure from the home. In the subsequent years, while Frank lived in the house, the balance of the purchase price was paid, plus interest and maintenance costs. We therefore conclude that Frank made nearly all the effort of acquiring the property.

After considering the equities of this case, the referee found it reasonable to award title to Frank,

> subject to a lien in respondent for one-half the net equity after paying the costs of sale and reimbursing [appellant] for his reduction of the mortgage principal of $12,750.00.

Because of the circumstances of this case, we must conclude that such an award lacks a reasonable and acceptable basis in fact and principle. *Kreidler*, 348 N.W.2d at 782–83. Grace presumptively (Minn.Stat. § 518.58) contributed to the acquisition of the property for a very short period of time. Frank was responsible for, and paid in full, the principal and interest due on the Contract for Deed, plus taxes and maintenance for over 21 years.

The equities do not indicate that it is reasonable to allow Grace a lien for half of the net equity in the home. We further conclude that the trial court's property division is against logic and the facts in the record and therefore represents an abuse of discretion. *Ranik*, 383 N.W.2d at 434. Consequently, the portion of the amended judgment providing for a lien on the property is reversed and the matter remanded for entry of judgment awarding fee title to Frank free of any lien in favor of Grace.

### DECISION

The trial court erred in awarding respondent a lien for half of the net equity in the property and appellant is entitled to an award of said property free and clear of any lien.

Reversed and remanded in accordance with this opinion.