*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1627**

In re the Marriage of:
Kristin Anne Schmidt, petitioner,
Respondent,

vs.

Jonathan William Schmidt,
Appellant.

**Filed June 1, 2015
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-FA-13-12576

Kathryn M. Lammers, Heimerl & Lammers, LLC, Minneapolis, Minnesota (for respondent)

Jodi S. Exsted, Exsted Legal Services, LLC, Shakopee, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Chutich, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant-husband Jonathan William Schmidt appeals from a district court order modifying the parties' child-support obligations, dividing marital property, and granting

attorney fees.  Because we conclude that the district court properly exercised its discretion, we affirm.

## FACTS

Husband and respondent-wife Kristin Anne Schmidt were married in 2002 and have two minor children.  In June 2013, wife served husband with a dissolution petition. Husband did not participate in the dissolution proceedings.  In September 2013, the district court granted wife a default judgment dissolving the parties' marriage, dividing their property, determining child custody, and awarding wife child support.

In March 2014, husband moved to vacate or modify the September 2013 judgment and decree.  The district court held two hearings on husband's motions.  In its July 2014 order on husband's motions, the court decreased husband's child-support obligation in light of husband's reduced income after he lost his job, divided the proceeds from the 2014 sale of the parties' marital home, and awarded wife $7,000 in conduct-based attorney fees.

Husband appeals from the July 2014 order.

## D E C I S I O N

### I.    Child-support modifications

Whether to modify child support is discretionary with the district court, and the court's decision will be altered on appeal only if it resolved the matter in a manner against logic and the facts on record.  *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002).  A district court may modify a child-support order if a party shows that the terms of the order have become unreasonable and unfair.  Minn. Stat. § 518A.39, subd. 1-2 (2014).  An order may

2

have become unreasonable and unfair if an obligor or obligee experienced a substantial increase or decrease of income. *Id.* at subd. 2(a)(1).

In its July 2014 order, the court reduced husband's basic child-support obligation from $1,512 to $538 per month. The court also reduced husband's parental income for determining child support (PICS) percentage from 63% to 22%, and ordered that husband's "other child support obligations"[1] should be paid according to the new PICS percentage. Although the district court did not make specific findings explaining these modifications, they are drawn directly from the income exhibits and proposed calculation of child support that husband submitted to the court. Because no further findings of fact were necessary to explain the district court's modifications, any shortcoming in the court's written findings were harmless on this record. *See* Minn. R. Civ. P. 61 (stating that harmless error must be ignored).

The July 2014 order also instructed the parties to "seek agreement on their children's documented expenses exceeding $100.00" and "review, divide and pay in a timely fashion all such expenses." The September 2013 judgment and decree had instructed the parties to split extracurricular and school-related expenses evenly. At the motion hearing, husband testified that he had no objection to evenly sharing those expenses. Husband testified that he merely wanted to have more input on what expenses fell into those categories, and he wanted wife to communicate with him more frequently on the extracurricular and school-related expenses that they would be dividing.

---

[1] Based on the record, we interpret this category to refer to (1) unreimbursed and uninsured medical expenses and (2) childcare expenses.

In light of this testimony, the district court appears to have ordered exactly what husband requested at the motion hearing. We therefore conclude that the July 2014 order did not modify husband's obligation to pay 50% of extracurricular and school-related expenses. Because husband did not ask for modification of his obligation as to extracurricular and school-related expenses, the district court acted within its discretion by not modifying husband's obligation as to those expenses.

## II. Division of homestead proceeds

A district court has broad discretion in dividing marital property and its decision will not be overturned absent an abuse of discretion. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). A district court abuses its discretion by making findings that are unsupported by the evidence or improperly applying the law. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997).

In July 2014, the parties' marital home sold for $780,000. This sale price was $55,000 greater than the court's valuation of the house at $725,000 in the September 2013 judgment and decree. The district court divided the equity in the home based on the September 2013 valuation. Husband argues that the district court abused its discretion by declining to award any portion of the house's post-valuation equity increase to him.

"Determining whether property is marital or nonmarital . . . is an issue over which [appellate courts] exercise independent review, though deference is given to the district court's findings of fact." *Gottsacker v. Gottsacker*, 664 N.W.2d 848, 852 (Minn. 2003). The statutory presumption that property is marital applies only to property acquired before the valuation date. Minn. Stat. § 518.003, subd. 3b (2014) ("All property acquired by either

spouse subsequent to the marriage and before the valuation date is presumed to be marital property regardless of whether title is held individually.").

"If there is a substantial change in value of an asset between the date of valuation and the final distribution, the [district] court may adjust the valuation of that asset as necessary to effect an equitable distribution." Minn. Stat. § 518.58, subd. 1 (2014). Where a property value appreciates after the valuation date of the marital estate, and only one party maintained and preserved the property during the intervening period, the district court may within its discretion award the entire amount of the appreciation to that party. *See March v. March*, 435 N.W.2d 569, 571 (Minn. App. 1989) (holding that, where the marital-property presumption no longer applied to a property and only husband had maintained and preserved the property, the district court reasonably treated appreciation of the property value as husband's nonmarital property).

Here, the $55,000 of additional value accrued after the valuation date and only wife maintained and preserved the property. Therefore, there was no presumption that the $55,000 equity increase was marital property. The burden was on husband to show that it was equitable for the district court to adjust the marital equity in the house.

Husband raises two arguments why the district court should have increased the marital equity to include part or all of the $55,000 appreciation. First, husband points out that he contributed to an increase in equity by paying the mortgage on the house in October, November, and December 2013. However, the district court found that husband had made these mortgage payments in lieu of his child-support obligations for those months. Second, husband argues that the marital equity should have been adjusted because he had a claim to

5

certain personal property sold with the house. But at the second motion hearing, both parties stated that they were satisfied with the division of personal property that occurred between the two hearings. We conclude that, on this record, the district court did not abuse its discretion by declining to adjust the marital equity in the house on account of husband's 2013 mortgage payments or his personal-property claims.

Husband also argues that the district court miscalculated the amount necessary to account for the unequal awards of retirement and life insurance assets in the September 2013 judgment and decree. In the July 2014 order, the district court found that it had originally awarded husband $42,000 more than wife in retirement assets and $47,000 more than wife in life insurance cash values. As a result, the district court subtracted a $44,500 setoff from the amount of equity in the house that it awarded husband.

The district court has broad discretion to make an equitable division of the marital estate. *Antone*, 645 N.W.2d at 100. As the district court consistently reminded the parties, equitable does not mean equal. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn. 1979). Upon review of the record, including the assets that the district court omitted from its calculation of the setoff, we conclude that the court did not abuse its discretion in its division of the equity in the house or the marital estate as a whole. Any error that the district court might have made in its calculations was harmless in light of the ultimate equitable division of the marital estate. *See* Minn. R. Civ. P. 61 (stating that harmless error is to be ignored).

## III. Attorney fees

A district court may award conduct-based attorney fees "against a party who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14,

6

subd. 1 (2014).  The conduct justifying such fees must occur "during the litigation process."

*Geske v. Marcolina*, 624 N.W.2d 813, 819 (Minn. App. 2001).  Conduct-based attorney fee

awards are reviewed for abuse of discretion.  *Sharp v. Bilbro*, 614 N.W.2d 260, 264 (Minn.

App. 2000), *review denied* (Minn. Sep. 26, 2000).  Husband challenges the district court's

award to wife of $7,000 in conduct-based attorney fees.

We agree with the district court that many of wife's post-dissolution attorney fees

could have been avoided if husband had chosen to participate in the original dissolution

proceedings.  Except for husband's request to modify his child support based on his

decreased income, all of the rights that husband asserted in 2014 had been litigated in the

original dissolution proceedings.  Additionally, wife's affidavits documented husband's

many attempts to obstruct and prolong their dissolution proceedings.  In light of this

evidence, the district court did not clearly err by finding that husband's conduct during the

proceedings unreasonably contributed to the length of the proceeding and caused wife to

incur unnecessary attorney fees.

Furthermore, the court awarded wife only half of the attorney fees that she had

incurred since the divorce decree.  On this record, it is reasonable to conclude that at least

half of wife's attorney fees were incurred due to husband's conduct in the dissolution

proceedings.  Therefore, the district court did not abuse its discretion by awarding wife

$7,000 of conduct-based attorney fees.

**Affirmed.**