In re the Marriage of Howard Lyle **BROCKMAN, Jr.,** Petitioner, Respondent,

v.

**Ann Ellee BROCKMAN,** Appellant.

**No. C1–85–737.**

Court of Appeals of Minnesota.

Sept. 10, 1985.

Donald E. Rysavy, Hoversten, Strom, Johnson & Rysavy, Austin, for respondent.

Scott Richardson, Richardson & Richardson, Austin, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This appeal concerns the distribution of marital assets. In valuing the parties' pension plan, the trial court considered the income tax liability that would be incurred if funds were to be immediately withdrawn from the plan. We affirm.

## FACTS

Howard Brockman participates in a University of Minnesota retirement plan. Under the plan, contributed funds are essentially liquid tax deferred and available to be withdrawn at any time. The parties' accumulated, pretax cash in the plan totals $91,-529. Due to the nature of other marital assets, liquidation of the plan is not required by the dissolution. Howard testified that he had no current plans to withdraw funds from the pension plan.

The trial court noted that income tax liability will be incurred when the funds are withdrawn and that, if the plan were immediately liquidated, the tax would be $43,-200. The trial court valued the pension plan at $48,329 and awarded it to Howard.

## ISSUE

Did the court abuse its discretion in its distribution of marital assets?

## ANALYSIS

The standard of review for property settlements is very narrow. *Novick v. Novick*, 366 N.W.2d 330, 332 (Minn.Ct.App. 1985). Even if the reviewing court might have taken a somewhat different approach, the trial court's decision will not be overturned absent a showing of a clear abuse of that broad discretion. *Miller v. Miller*, 352 N.W.2d 738, 741–42 (Minn.1984). While Minn.Stat. § 518.58 requires the trial court to make a "just and equitable" division of marital property, the court need not make an equal division of the property. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn. 1979); *Nolan v. Nolan*, 354 N.W.2d 509, 513 (Minn.Ct.App.1984); *pet. for rev. denied* (Minn. Dec. 20, 1984).

It is within the trial court's discretion to consider the tax consequence of a property award as one of many factors pertinent to an equitable division of property. *Johnson v. Johnson*, 277 N.W.2d 208,

**666**

213 (Minn.1979); *Berthiaume v. Berthiaume,* 368 N.W.2d 328, 334 (Minn.Ct.App. 1985). However, a tax consequence should be considered only where the recognition of tax liability is required by the dissolution or is certain to occur within a short time thereafter. *Aaron v. Aaron,* 281 N.W.2d 150, 153 (Minn.1979); *Helland v. Helland,* 354 N.W.2d 591, 592–93 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Jan. 3, 1985). Consideration of a tax consequence is precluded where to do so requires the trial court to speculate as to the party's future dealing with the property. *O'Brien v. O'Brien,* 343 N.W.2d 850, 854 (Minn. 1984); *Balogh v. Balogh,* 356 N.W.2d 307, 310 (Minn.Ct.App.1984).

In the present case, withdrawal of the pension funds and the concurrent recognition of income tax liability was neither required by the dissolution nor certain to occur within a short time after the dissolution. In order to determine its figure for the income tax liability, the trial court necessarily speculated as to Howard's future dealings with the pension funds. Thus, the trial court improperly considered the income tax consequence of the future withdrawal of funds from the pension plan.

However, consideration of the tax consequence to this single asset was but one of many factors used in fashioning an equitable division of numerous marital assets. When the totality of the distribution of assets is considered, it cannot be said that the trial court clearly abused its discretion. Two factors pointing to this conclusion are that Ann was awarded approximately $15,000 more than Howard, and that much of her award consisted of liquid assets upon which taxes had already been paid.

### DECISION

The trial court did not abuse its discretion in distributing the marital assets.

Affirmed.