**In re the Marriage of Hubert KASTE, Petitioner, Appellant,**

v.

**Helen KASTE, Respondent.**

**No. C9–86–1256.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 13, 1987.

Randall C. Berkland, Blethen, Gage & Krause, Mankato, for appellant.

Richard J. Krambeer, Henningson, Peterson & Assoc., Minneapolis, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Hubert Kaste appeals the final amended judgment and decree of dissolution based on the trial court's unequal property division and its failure to divide the parties' personal property. Helen Kaste filed a notice of review, seeking review of the trial court's failure to grant judgment against Hubert for maintenance and health insurance arrearages. This is the parties' second appeal from their dissolution, following this court's remand in *Kaste v. Kaste*, 356 N.W.2d 64 (Minn.Ct.App.1984). We affirm in part, reverse and remand in part.

## FACTS

The parties were married June 21, 1961. They have no minor children.

Appellant Hubert, age 50, is Director of the Southern Minnesota Office of Lutheran Social Services in Mankato and holds master's degrees in theology and social work. He has group health insurance. His gross pay is $2,150 per month, and he nets $1,650. He receives $400 per month from part-time employment with a local church.

Since 1980, respondent Helen, age 48, has worked part-time as a proof reader, after an absence of nearly 20 years from

the job market. She is only able to obtain 20 hours work per week on average at this job which nets her $290 per month. During the more than 21 years of the parties' marriage, she served primarily as a "pastor's wife," supporting her husband's work. Her estimated expenses are $1,000 per month. She has made many attempts to obtain more lucrative employment in the Mankato area without success.

Helen completed two years of college before marriage. Early in the marriage, while Hubert attended school, she worked as a secretary and a substitute teacher. Arthritis now prevents her from pursuing work such as typing. Helen testified she would probably need to attend college for three years to obtain a degree. She was not certain, however, whether she would return to school or continue her employment.

The parties' net marital assets were valued at approximately $160,800. On remand, the trial court divided the assets and awarded Helen 57% and Hubert 43% of the assets, as follows:

Wife:
| | |
|---|---|
| Homestead | $ 74,000.00 |
| 1977 Chevrolet | 1,000.00 |
| Cash (lake cabin settlement) | 18,000.00 |
| | · $ 93,000.00 |

Husband:
| | |
|---|---|
| Lake cabin ($55,000—$18,000 to wife) | $ 37,000.00 |
| 1979 Volkswagen | 3,300.00 |
| Insurance | 6,000.00 |
| Annuities | 8,500.00 |
| Savings | 1,500.00 |
| Pension | 41,950.00 |
| Obligation to pay mortgage | −28,000.00 |
| Obligation to pay various bills and attorney's fees totaling | − 1,435.00 |
| | $ 68,815.00 |

In March 1985, Hubert filed a motion to reopen the judgment, requesting the trial court to modify its division of marital assets. In addition, upon finding that the parties were unable to agree upon distribution, Hubert requested a division of the parties' personal property.

In April 1985, Helen filed a countermotion requesting judgment against Hubert for arrearages accrued from nonpayment of maintenance and insurance premiums. The trial court provided a method to obtain maintenance arrearages through payroll withholding and awarded Hubert his pension. All other motions were denied, including Helen's request for a judgment for the arrearages.

## ISSUES

1. Was the trial court clearly erroneous in its disposition of marital property?

2. Did the trial court err in refusing to divide the personal property?

3. Did the trial court err in denying Helen's motion requesting judgment against Hubert in the amount of the insurance and maintenance arrearages?

## ANALYSIS

■ 1. In Minnesota, equal division of marital property is appropriate upon dissolution of a long marriage. *Miller v. Miller*, 352 N.W.2d 738, 742 (Minn.1984). However, the division need not be mathematically equal. *E.g., Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984).

■ Under Minn.Stat. § 518.58 (1984), the court must make a "just and equitable division of the marital property of the parties," based upon

all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

*Id.* Given the trial court's findings on Helen's health and financial, educational, and occupational difficulties, the property division is not clearly erroneous, particularly when the major asset Helen received, the homestead, consumes income rather than

producing it. *See Bollenbach v. Bollenbach,* 285 Minn. 418, 435, 175 N.W.2d 148, 159 (1970).

 2. In the parties' previous appeal, this court remanded, ordering the trial court to, among other things, "equitably divide the marital property." *Kaste,* 356 N.W.2d at 69. Nevertheless, on remand, the trial court denied Hubert's motion to divide the parties' personal property. Minn.Stat. § 518.58 (1984) requires that "the court *shall* make a just and equitable division of the marital property of the parties." *Id.* (emphasis added). "The court may also award to either spouse the household goods and furniture of the parties, whether or not acquired during the marriage." *Id.*

Where the parties did not stipulate as to the division of the personal property and no judgment provision could be construed as awarding the personal property, the trial court abused its discretion in denying Hubert's motion to divide the household goods and furniture between the parties or award it to one of them.

 3. Helen argues the trial court abused its discretion by denying her motion for judgment against Hubert for spousal maintenance and health insurance arrearages. In response to Helen's motion, the trial court's order included statutory language of Minn.Stat. § 518.611 (1984), which allows income withholding upon order of the court. While the court created the mechanism to recover arrearages occurring in the future, it did not order appellant to pay the arrearages already accrued, either by judgment or signed order allowing for income withholding.

 Hubert admitted arrearages of $875. When the party in arrears presents no evidence to the contrary, it is appropriate to award maintenance arrearages. *See, e.g., Maher v. Maher,* 393 N.W.2d 190, 194 (Minn.Ct.App.1986); *Egge v. Egge,* 361 N.W.2d 485, 489 (Minn.Ct.App.1985).

Helen asserted Hubert owed her $3,870 for the 15-month maintenance arrearages, plus $300 for insurance premiums. The difference between the amounts alleged by Helen and Hubert exists because Hubert disputed that he owed the taxes and interest portion of the mortgage payment. The judgment and decree, however, specifically ordered Hubert to pay the entire mortgage payment of $330. In this case, where the amount of arrearages was in dispute, the court erred in failing to determine the amount of arrearages and awarding that amount to respondent.

## DECISION

The property division is affirmed. The matter is reversed and remanded for the trial court to divide the parties' personal property and determine the arrearages owing to respondent.

Affirmed in part, reversed and remanded in part.