In Re the Marriage of Edward Joseph
VOLESKY, Petitioner, Appellant,

v.

Shirley Ann VOLESKY, Respondent.

No. C2–87–914.

Court of Appeals of Minnesota.

Sept. 29, 1987.

Michael O'Neel, Fargo, N.D., for Edward Joseph Volesky, petitioner, appellant.

Bruce N. Ringstrom, Moorhead, for Shirley Ann Volesky, respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from the district court's order denying appellant's motion to amend the judgment to provide that funds disbursed from marital assets between the last date of trial and date of judgment and decree should not be replenished by appellant. Respondent appeals the order denying attorney fees. We reverse and remand.

## FACTS

Appellant Edward J. Volesky and respondent Shirley A. Volesky were married in 1959. They have four children, one of

whom is a minor. The Voleskys have derived their income from farming.

At the commencement of the dissolution action the Voleskys owned free from debt two quarters of Red River farm land (including a farmstead), a house in Moorhead, Minnesota, household property, miscellaneous farm equipment and vehicles. They also had savings in the form of certificates of deposit and a passbook account. Other assets included stored farm products and the right to payment from ASCS (Agriculture Stabilization Conservation Service). There were no debts of significance.

In May 1985, an order for temporary relief provided appellant pay $450 per month child support, $600 per month spousal maintenance, $1000 temporary attorney fees and court costs. The order further provided appellant pay taxes and keep in full force and effect insurance policies for life, medical and automobiles. The temporary order was directed to remain in effect following the close of the trial until the judgment and decree.

Between the time of issuance of the temporary order and trial it was agreed between the parties that appellant would make the court-ordered payments from marital assets because appellant, as a farmer, has no regular salary.

Prior to the 1986 crop year, the parties agreed to a division of farm acreage resulting in appellant retaining one quarter on which to farm and respondent taking one quarter to lease out.

There was a four-month interval between the date of trial and the November 7 decree. During that time, appellant continued the same pattern of using marital assets to pay court-ordered obligations and personal expenses. Based upon the evidence presented at trial, the court ordered a division of real property and liquid marital assets. The decree further stated neither party shall pay the other spousal maintenance and each is responsible for personal debts and attorney fees.

In December 1986, respondent's motion to compel payment of court-ordered obligations and request for attorney fees was heard. Amended findings of fact, conclu-sions of law and order for judgment imposed upon appellant the obligation of replenishing the marital assets used and denied respondent's request for attorney fees.

Appellant's February 1987 motion to amend the previous order was denied. This appeal followed.

## ISSUES

1. May the court of appeals decide an appeal de novo when facts and issues were presented to the trial court solely on the basis of affidavits?

2. Do expenditures from marital assets between trial and date of judgment constitute a dissipation of marital assets requiring replenishment?

3. Did the trial court abuse its discretion by denying respondent's request for attorney fees?

## ANALYSIS

1. It is well-settled this court may hear an appeal de novo where the facts and issues at trial were based solely upon affidavits or documents. *Northern States Power Co. v. Williams*, 343 N.W.2d 627, 630 (Minn.1984). There is no requirement, however, the court *must* decide an appeal de novo under these circumstances.

2 It is axiomatic that in divorce cases the district court must be accorded a broad discretion with respect to the division of property, allowance of alimony, provision for the custody and support of the children of the parties, and allowances for expenses of litigation.

*Bollenbach v. Bollenbach*, 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970).

The problem in this matter arises because appellant, being a farmer, is not salaried and there is no regular income. Appellant budgets money from savings derived from the sporadic sale of crops. Those savings constitute the majority of liquid marital assets. During the four-month interval between the dates of trial and date of decree, appellant continued to draw from

those marital assets to meet financial obligations as he had during the temporary order.

■ The order for temporary relief, entered May 20, 1985, provided appellant pay $450 per month child support, $600 per month spousal maintenance, $1000 temporary attorney fees and court costs. The order further provided appellant keep in full force and effect all policies of life insurance on his life for the benefit of respondent, all policies of insurance providing medical coverage for the benefit of the parties and their minor child, and all automobile insurance. It was agreed between counsel that respondent would have $1050 per month for living expenses and appellant would manage the rest, it being understood payments to her would come out of marital assets.

Throughout this time, respondent was aware appellant was spending from marital assets. Respondent states in her affidavit dated December 22, 1986:

> This second agreement *does* set out that marital assets would continue to be used to pay " * * * taxes, insurance, spousal support, child support, and [appellant's] living expenses." This had been the previous practice because the income producing property was undivided and [appellant] had no separate income or assets from which the required payments could have been made; there simply was no alternative.

(Emphasis in original).

The general rule in Minnesota is that if a party in a dissolution has dissipated marital assets, that party shall be accountable for that dissipation unless the assets are justifiably consumed to meet necessary living expenses of the parties or their mutual dependents. *See Bollenbach*, 285 Minn. at 426–28, 175 N.W.2d at 154–55; *Griepp v. Griepp*, 381 N.W.2d 865, 869 (Minn.Ct.App. 1986). These cases dealt with the dissipation of marital assets prior to trial.

Marital income and disbursements during the four months from date of trial to date of decree were:

| | |
|---|---|
| Income: | $11,571.72 |

Disbursements:

Court-Ordered Payments:

| | |
|---|---|
| Spousal Support: | 2,400.00 |
| Child Support: | 1,800.00 |
| Auto Insurance: | 227.05 |
| Medical Insurance: | 1,084.40 |

Other Payments:

| | |
|---|---|
| Land Taxes (Respondent's Land) | 1,215.00 |
| Land Taxes (Appellant's Land) | 1,165.00 |
| Auto Licenses | 76.50 |
| Grain Hauling | 573.16 |
| Miscellaneous Medical | 19.20 |
| School Money for Son (Agreed to by appellant and respondent) | 451.00 |
| Appellant's Living Expenses | 1,301.90 |
| Wheat payment received divided equally between appellant and respondent: | 1,469.16 |
| Total Disbursements: | $11,782.37 |

Appellant argues because monies expended from marital assets paid for necessities (i.e. support payments, auto insurance, medical insurance, taxes on land, etc.), benefiting respondent, as well as money given to a son which was agreed to by respondent, it is unfair to order replenishment of those expenses. We agree.

The term "dissipate" (defined as "wasting or expending funds foolishly," Black's Law Dictionary 425 (5th ed. 1979)), is not appropriate in this matter. Dissipation is frivolous, unjustified spending of marital assets.

Minn.Stat. § 518.58 (1986) permits the trial court to make equitable disposition of marital properties based upon the facts and circumstances of the case. The trial court's division of property and denial of respondent's maintenance was based upon the determination of marital assets existing at date of trial. It is unfortunate the trial court took four months to issue a judgment and decree because it is clear marital assets had to be used for the parties to meet their financial obligations.

In *Bollenbach*, the court stated:

> A party to a marriage subject to severance in divorce proceedings cannot be permitted to subvert the orderly processes of the courts by concealing, dissipating, or misusing his assets in anticipation of divorce so as to reduce the property available for division or as a stan-

dard for the court in fixing payments for alimony or support.

285 Minn. at 428, 175 N.W.2d at 155.

Spending of marital assets to meet routine financial obligations and properly maintain the parties' marital property does not constitute dissipation. Appellant did not conceal, squander or misuse marital assets. He merely continued to pay from marital assets those expenses permitted under temporary order. Perhaps appellant should have obtained court approval to continue to spend from marital assets. However, since expenditures were for proper marital purposes known and in most instances agreed to by respondent, we remand for findings consistent with this opinion.

3. Regarding attorney fees, the Minnesota Supreme Court stated:

> [T]he amount to be allowed a wife's attorney rests largely in the discretion of the trial court and normally will not be disturbed unless there is a clear abuse of discretion.

*Borchert v. Borchert*, 279 Minn. 16, 21, 154 N.W.2d 902, 906 (Minn.1967). The court further cautioned that trial courts follow a conservative policy in awarding attorney fees. *Id.*

In view of this policy in awarding attorney fees, the trial court did not err in denying respondent's request.

## DECISION

Reversed and remanded.