In re the Marriage of Allen Eugene DICK, Petitioner, Appellant,

v.

Beverly Ann DICK, Respondent.

No. C8–88–2189.

Court of Appeals of Minnesota.

April 18, 1989.

Steven A. Sicheneder, Jennings, DeWan, Sicheneder & Anderson, P.A., North Branch, for appellant.

Barry L. Blomquist, Blomquist Law Office, North Branch, for respondent.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN and LESLIE,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant contends the trial court erred in awarding permanent maintenance at the conclusion of a short marriage. He also challenges the court's valuation of his homestead and the division of marital property. We affirm the valuation of appellant's homestead but reverse and remand on the other issues because the trial court's findings are insufficient to permit meaningful review.

## FACTS

The parties were married late in 1981 and separated in October 1987. Each had been married before. No children were born to the marriage, and there is no evidence the marriage relationship altered either party's employment pattern.

Following trial proceedings in June 1988, the trial court awarded respondent, Beverly Dick, $100 per month permanent spousal maintenance. The court awarded the parties' home to appellant, Allen Dick, valuing its equity at $29,030, which included appellant's $16,000 non-marital contribution. Although the marital portion of the home was worth $13,030, the trial court imposed a $10,000 lien on the home in favor of respondent, Beverly Dick. Respondent had testified that she wanted 50 percent of the marital share in the equity of the home.

## ISSUES

1. Did the trial court abuse its discretion in dividing the assets of the parties?

2. Did the trial court abuse its discretion in awarding permanent spousal maintenance?

3. Was the trial court's valuation of the homestead property clearly erroneous?

## ANALYSIS

■ 1. Marital Assets. In addition to the division of the homestead asset, the decree shows an award to appellant of a pickup truck worth $800 and a $153 investment plan. Respondent was awarded a boat, evidently worth $1000. The court found that the couple's 1981 tax refund was applied against appellant's pre-marital tax obligations, and respondent claims be-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

cause of this application, she is entitled to $725 of the refund.[1]

In sum, the trial court's order indicates an $11,000 or more division for respondent, Beverly Dick, and less than $4000 for appellant. The court's order includes no stated explanation for this three to one division of property. In addition, appellant contends an award to the parties of personal property in their possession, none of which was valued by the trial court in its findings, also unduly enlarged the division of property in favor of respondent. Findings regarding the division of property are required by Minn.Stat. § 518.58 (1988). On remand the trial court's findings should be supported by a statement of its rationale for the division of the assets.

Section 518.58 identifies various factors affecting a division of property such as length of marriage, etc. The statute mandates "findings regarding the division of property." *Id.* subd. 1. Clearly, the statute contemplates findings based on relevant property division factors, not just findings identifying those factors. The implication is one for findings which indicate the rationale of the trial court in making its award. *See Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (it is "important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful"); *see also In re Welfare of C.K. and K.K.,* 426 N.W.2d 842, 847 (Minn. 1988) (legislated mandate for findings reflects need that appellate court is afforded "the benefit of the reasoning" of the trial court); *Worden v. Worden,* 403 N.W.2d 909, 911–12 (Minn.Ct.App.1987) (affirming the trial court's division of property based on the court's careful explanation of its rationale and findings relating to section 518.58).

■ 2. Maintenance. Appellant disputes the award of permanent maintenance where the duration of the marriage was short and employment patterns were not altered because of the marriage. He also disputes the adequacy of the trial court findings. The court found that appellant had net monthly earnings of $1432, $73 more than his claimed expenses. Appellant's expenses include a $200 per month payment of attorney fees. The trial court found respondent had employment experience limited to secretarial and receptionist work and that she presently has net monthly income of $481 from her job as a retail clerk. The trial court found that respondent's current expenses exceed her income by $375. Temporary maintenance was evidently not ordered or paid during the pendency of the case.

The court made no findings on the reasonableness of Beverly Dick's expenses, taking into account the standard of living the couple enjoyed together. The court made no findings on her prospects for better employment, with or without additional training. Respondent testified that she expected to seek reemployment as a clerk typist. Without additional findings of the trial court on appellant's need for maintenance, we cannot conduct meaningful review of the permanent maintenance decision. The need for particularized findings is enlarged by the absence of any appellate precedent on permanent maintence following a short second marriage. Minn.Stat. § 518.552 (1988).

The trial court also made a finding that respondent by marriage lost $10,800 in maintenance that her first husband was to pay her for the six years following the termination of his child support obligation. The respondent's youngest child evidently attained the age of 18 during the marriage of the present parties. It is unclear from the trial court's order whether the court believed this finding was germane to the permanency of the present maintenance award. Although lost maintenance may be relevant to the amount of respondent's temporary needs, the trial court must disregard this fact in deciding the question of permanency of any maintenance award.

---

1. Respondent testified, and the court also found, she had given her husband $2100 in 1982 from a withdrawl of pension rights she had earned.

There is no evidence or finding indicating this sum was not co-mingled into marital property.

3. Valuation. Appellant's professional appraiser valued the parties' home at $47,000. Respondent testified that she thought the property was worth $60,000–$70,000. The property was purchased for $47,500 in 1983, and the property was improved with a new addition and garage. The evidence shows the garage was valued at $4000 and materials for the home addition cost $8500. Appellant furnished his labor for completing the addition. The trial court valued the property by considering its purchase price and value of garage and addition, thus concluding the house was worth $65,000. The trial court's valuation is within the limits of its discretion. *Campion v. Campion,* 385 N.W.2d 1, 6 (Minn. Ct.App.1986) (citing *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975)); *Ferguson v. Ferguson,* 357 N.W.2d 104, 107 (Minn.Ct.App.1984) ("[I]n Minnesota the owner of property is presumptively knowledgable about its value.")

## DECISION

We affirm the trial court's valuation of the homestead, but reverse and remand for further findings on the issues of permanent maintenance and division of assets.

Affirmed in part, reversed in part and remanded.