Kevin Carl **KRIESEL**, Petitioner, Respondent,

v.

Allison Echo **GUSTAFSON** f/k/a Allison Echo Kriesel, Appellant.

No. C3–93–1708.

Court of Appeals of Minnesota.

March 8, 1994.

---

Patrick T. O'Neil, Mark W. Benjamin, Parker, Satrom, O'Neil, Lindberg & McKinnis, P.A., Cambridge, for respondent.

Rita Clare Steinhagen, Jennings, DeWan & Anderson, P.A., North Branch, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Acting Judge.

The parties' marriage was dissolved by judgment and decree, granting wife physical custody of their two minor children, awarding her the right to claim the children as future income tax exemptions, and characterizing said tax exemptions as personal property with a present value of $4,630 for the purpose of division of the marital estate. The trial court denied wife's posttrial motions.

Wife appeals from the amended judgment, arguing that the trial court erred in allocating the future dependency tax exemption as

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

marital property and abused its discretion in ordering an unequal division of property. We reverse and remand.

## FACTS

Appellant Allison Echo Gustafson and respondent Kevin Carl Kriesel were married on October 24, 1980. Two children were born to the parties. By stipulated agreement of the parties, Allison was granted physical custody of the parties' two minor children. The trial court was asked to resolve remaining issues regarding Allison's proposed relocation of the children to Wisconsin, child support, marital property valuation and division, and attorney fees.

Both parties requested the right to claim the children as deductions for income tax filing purposes. The trial court awarded this continuous right to Allison. The trial court set Kevin's child support obligation at $252.48, based on calculation of his net income according to a single withholding status with one deduction (S-1).

The trial court found that Allison's gross monthly income was $887.25 and that her net monthly income was $820.70. The trial court found Allison would have no liability for federal and state income taxes after deduction for the tax exemptions for two children, herself and the standard deduction.

Although neither party presented evidence of projected future monetary value of the right to claim the children as a tax exemption, nor did they argue that said right was personal property subject to equitable division by the court, the trial court, sua sponte, assessed a $4,630 value to Allison's right to claim the children as future deductions for income tax filing purposes and adjusted the marital property distribution accordingly. The trial court explained its calculation of the valuation of said future exemptions as follows:

> This was arrived at by multiplying the marginal tax rate of 23 percent times $4600, giving the annual tax savings under the current code. This was then reduced to present value assuming an 8% rate of interest and a 10 year term.

The trial court gave the following reasons for its award:

> While the Court notes that allocating the value of the minor children as tax exemptions in the property division may not be appropriate in all cases, the Court believes that it is appropriate in this case.

> Under the Internal Revenue Code, the Court has no option but to grant the tax exemptions to Respondent. 26 U.S.C.A. § 152(e)(1) (West Supp.1993). The Respondent has apparently been unwilling to consider giving the exemptions up even when it costs the "family unit" money. The Respondent has given no consideration to giving the exemptions to the Petitioner at present and shifting them back to her at a later date. Since the Respondent has chosen to take a purely vindictive approach, she cannot complain about the result in a suit which, in reality, has its basis in equity. It only seems appropriate to value the tax exemptions as a property right when Respondent herself made them a property right by asking for them when there was no benefit to her except in a future sense.

> Despite Respondent's protestations regarding this allocation, there is a detriment to the Petitioner and the family unit by awarding the exemptions to her. This is a financial benefit that Respondent will receive, or a detriment that the Petitioner will experience occurring over a period of years (the minor children are now ages 11 and 9).

> The assignment of tax exemptions does translate into actual value for Respondent, similar to a spendthrift trust, structured settlement, financial assistance from parents, or income from an annuity. Similarly, the increased taxes of the Petitioner will occur over a period of time.

> It is therefore appropriate in this case to value the exemptions as an annuity.

Division of the remaining property between the parties resulted in Allison receiving property valued at $2,300 and Kevin receiving property valued at $7,380.[1]

1. While the parties' estate was very modest at the     time of trial, they originally owned a homestead

## ISSUE

Did the trial court err in valuing the custodial parent's right to claim the parties' children as tax exemptions on her future tax returns and in determining that the present value of said future tax exemptions was property subject to consideration in an equitable division of the marital estate?

## Standard of Review

This court will not overturn the trial court's decision regarding distribution of property upon dissolution of a marriage except for a clear abuse of the broad discretion accorded the trial court. *Aaron v. Aaron,* 281 N.W.2d 150, 152 (Minn.1979). We will affirm the trial court's distribution of property as long it has a reasonable basis in fact and principle. *Kreidler v. Kreidler,* 348 N.W.2d 780, 782–83 (Minn.App.1984). However, characterization of a future entitlement as property subject to distribution in a marital estate is a question of law upon which this court exercises its independent judgment. *Salstrom v. Salstrom,* 404 N.W.2d 848, 850 (Minn.App.1987).

## ANALYSIS

This appeal concerns the matter of the trial court's handling future tax exemptions for dependent children in the context of the property settlement in a dissolution proceeding. The trial court acted sua sponte and without statutory authority or case authority.

Allison argues the trial court erred in its determination that the custodial parent's right to claim dependent minor children as an exemption and deduction for income tax filing purposes constituted marital property or a factor to be considered in distribution of marital property. She contends receipt of the dependency exemption is an issue relative only to the computation of child support and future income. She complains that the trial court's valuation of the dependency exemption was speculative and inaccurate.

Kevin defends the actions of the trial court as a "new and novel approach" within the trial court's discretion. We agree it is novel, but it is not within the trial court's discretion.

Upon dissolution of a marriage, the court must make a "just and equitable" division of the parties' "marital property" after making findings based on relevant factors, including the following factors set forth by the legislature:

[L]ength of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party.

Minn.Stat. § 518.58, subd. 1 (1992). Marital property is defined as

property, real or personal, including vested * * * pension plan benefits or rights, acquired by the parties, or either of them, * * * during the existence of the marriage relation. ...

Minn.Stat. § 518.54, subd. 5 (1992).

The trial court's characterization that the right to claim children as a tax exemption as property to be valued in a dissolution proceeding is neither accurate nor appropriate. Allison cannot sell or transfer this right to any person other than Kevin. Allison contends that she cannot use the dependency deduction as loan collateral. The only benefit Allison receives from this tax deduction is a decreased tax liability and a resulting increase in net income in future years after the dissolution of the parties' marriage. The amount of the exemptions and benefit received are unknown at this time because that amount is dependent on any future changes in the tax codes and Allison's income. In retaining her right to the dependency exemption, Allison lost her right to additional tax-free income which would have been paid by

---

which was purchased in 1989 for $50,000 from Kevin's grandparents with a life estate remaining in favor of the grandparents and a contract for deed in favor of them with a balance of $37,-071.46 as of January 1992. Kevin's grandparents cancelled the contract for deed when Kevin failed to make contract payments after the divorce proceedings began. At the time of trial,

Kevin was still living in the homestead, having negotiated a lease agreement with his grandparents. Based on its determination that no evidence was presented of valuation or dissipation of marital equity in the homestead, the trial court refused to consider Kevin's actions concerning the homestead in its distribution of the marital estate. Allison has not appealed this issue.

Kevin in his monthly child support obligation had he been awarded the dependency exemption. *See Fudenberg v. Molstad*, 390 N.W.2d 19, 21 (Minn.App.1986) (effect of awarding the dependency exemption to the noncustodial parent would be to increase net income, and thereby increase guideline child support obligation).

Property settlements in a marital dissolution are deemed final and may not be changed. Minn.Stat. §§ 518.145; 518.64, subd. 2(d) (1992); *see also Maranda v. Maranda*, 449 N.W.2d 158, 164 (Minn.1989) (judgment and decree cannot be vacated more than one year after the entry of judgment unless basis for reopening is fraud on the court). However, the circumstances of the parties over time relative to custody and support may require modification from time to time. In those areas, the trial court has great discretion. Here, however, in its decision, the trial court not only diluted the property settlement of Allison, but also reduced the child support obligation of Kevin, the noncustodial parent, so that there was a double penalty to Allison, the custodial parent.[2]

As a general rule, the custodial parent is entitled to claim a dependent child as a dependency exemption pursuant to 26 U.S.C. § 152(e) (1988). *Gerardy v. Gerardy*, 406 N.W.2d 10, 14 (Minn.App.1987). The trial court awarded the dependency exemption to Allison after erroneously concluding that federal law prohibited it from granting the dependency tax exemptions to Kevin because Kevin did not provide over one-half of the children's support. The trial court could

have directed Allison, as the custodial parent, to sign a waiver of the dependency exemption to the noncustodial parent, Kevin, if that course of action had been warranted. *See Fudenberg*, 390 N.W.2d at 21 (affirming referee's order requiring custodial parent to execute a waiver of dependency exemption); *Thesing v. Thesing*, 390 N.W.2d 469, 472 (Minn.App.1986) (remanding to trial court for reconsideration of allocation of dependency exemption to noncustodial parent where custodial parent's net monthly income, including child support, would exceed her expenses).

Kevin claims that the trial court's decision to consider the dependency exemption in the context of the property settlement is permissible because Allison's refusal to waive her right to the dependency exemption constituted a dissipation of the marital estate. The trial court noted in its memorandum that Allison was unwilling to consider giving the exemptions to Kevin even when it cost the "family unit" money. The trial court determined that the exemption was of "no benefit to [Allison] except in a future sense" and concluded that Allison's decision was "purely vindictive."

Minn.Stat. § 518.58, subd. 1a, provides that "during the pendency of a marriage dissolution" each party owes a fiduciary duty to the other for profits or losses concerning the disposition of "marital assets." The court shall also consider the contribution of each party in the "acquisition, preservation, depreciation or appreciation in the amount or value of the marital property." *Id.*, subd. 1. Allison correctly notes that nowhere in the statute, which was titled "Division of Marital

---

2. Allison contends that had the trial court awarded Kevin the dependency exemptions, his net monthly income and child support obligation would be calculated as follows:

| | |
|---|---:|
| Gross monthly income found by trial court | $1290.00 |
| Federal withholding (S–3) | 57.00 |
| State withholding (S–3) | 37.00 |
| Social Security/Medicare | 98.68 |
| Union Dues | 17.00 |
| Health Insurance | 76.58 |
| Net Monthly Income | 1003.74 |
| Guidelines rate for two children | ×.30 |
| Guideline Child Support | 301.12 |

Thus, Allison would receive an additional $49 per month in child support over the $252.48 guidelines support ordered by the court based upon Kevin's not receiving the dependency deductions. Over a nine year period, Allison will

Property," does it mention that a party's "pure vindictiveness" should be a factor in determining division of marital property, and certainly not where that "vindictiveness" concerns the party's interest in a benefit earned and received after the marital dissolution.

Kevin quotes *Volesky v. Volesky*, 412 N.W.2d 750 (Minn.App.1987), to support his dissipation theory. *Volesky* involved dissipation of marital assets during the four-month period between trial and entry of the judgment and decree. *Id.* at 752. The case at hand relates to the use of tax exemptions against Allison's income earned and received after dissolution of the parties' marriage. Thus, unlike *Volesky*, the benefits and income involved here are nonmarital. *See* Minn.Stat. § 518.54, subd. 5; *In re Marriage of Steffan*, 423 N.W.2d 729, 733 (Minn.App. 1988) (percentage of bonus earned after the dissolution is nonmarital property).

Allison contends the trial court's valuation of the dependency deduction is speculative, inaccurate, and is clearly erroneous because it is not supported by evidence in the record. We agree. Neither party presented evidence regarding the present value of the dependency deduction. The trial court took judicial notice that the marginal tax rate and dependency exemption for the children under the current tax code are 23% and $4,600 respectively. The trial court then calculated the annual tax savings under the current code ($4,600 × .23 = $1,058) and reduced this sum to a present value assuming an 8% rate of interest and a ten-year term. The trial court erred in its use of a ten-year period for her exercise of two dependency exemptions because the children were ages nine and eleven at the time of the dissolution; it was likely that neither child would be a custodial dependent for a period of ten years and there would probably be a period when there would be only one child claimed. In addition, the 8% interest rate applied by the trial court is excessive: it exceeds the interest rate presently offered by commercial savings institutions and it is double the current statutory judgment interest of 4%.

Cases in which tax consequences are held as considerations for the trial court's discretion in determining the valuation of property in the division of the marital estate share two common factors: (1) the tax consequences are immediate, and (2) the tax consequences are readily calculable. These cases involve the tax consequences relative to property such as real estate, stock options and retirement benefits. *See Salstrom*, 404 N.W.2d at 850; *Nemitz v. Nemitz*, 376 N.W.2d 243, 248 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985); *Fick v. Fick*, 375 N.W.2d 870, 874 (Minn.App.1985); *Brockman v. Brockman*, 373 N.W.2d 664, 666 (Minn.App.1985). Not only are the tax consequences not immediate in the instant case, they are not readily calculable because the tax rates and deductions may change or there may be some other contingency, such as Allison's disability or death or a change of custody, which would substantially change the calculation of the benefit over time. Calculation of the present value of a dependency exemption to be taken over a period of years is too speculative, and therefore error, in the context of a property distribution.

Finally, it is important to examine the underlying purpose for the dependency tax exemption. Unlike the many cases regarding tax consequences relative to marital property, this case involves tax consequences relative to child custody. Children are not property; characterization of a tax exemption incident to a child custody arrangement is not comparable to cases which involve tax consequences relative to real estate, retirement funds and stock options. The dependency exemption relates to an exemption for the party who provided, or is presumed to have provided, more than 50% of the financial support of the child during the year in which the exemption is claimed. *See* 26 U.S.C. § 152(e)(1).

■ We hold that matters regarding the financial effect of a tax exemption for dependent children should be included only in the trial court's determination of issues regarding child support and custody and not in division of marital property. In this context, the court can make appropriate future modifications to the dependency deduction and

lose approximately $5,000 of tax free child sup-

port without consideration of interest.

child support based upon the parties' circumstances and the tax laws existing at that time.

The net effect of the trial court's action in this case by placing a value on the tax exemption for two children who remained with the custodial parent, Allison, and then including the value of the dependency exemption in the property settlement awarded to her was to reduce her share of the marital estate. After deduction of the $4,630 dependency exemption from Allison's property settlement, she is left with $2,300 of marital property compared to Kevin, who received $6,900 in real estate and personal property, a sum three times the property distribution received by Allison.

While we realize in a division of marital property that the trial court has broad discretion and the division need not be mathematically equal, the distribution has to be in compliance with existing law. *See Ziemer v. Ziemer*, 386 N.W.2d 348, 350–51 (Minn.App. 1986), *pet. for rev. denied* (Minn. July 16, 1986). The statute provides no authority to, in effect, penalize the custodial parent by deducting from her share of the marital estate the value of the dependency tax exemption. It is not within the discretionary power of the court to dilute the property settlement of the custodial mother as it did in this case.

### DECISION

The trial court erred in its consideration and valuation of the dependency tax exemption as part of the property distribution. We reverse and remand with direction to equitably divide the property in conformance with this decision.

**Reversed and remanded.**