## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 25 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEY FOR APPELLEE

Thomas E. Banks, II
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Marriage of:

Marie Adkins,

*Appellant-Petitioner,*

v.

Paul Adkins,

*Appellee-Respondent.*

October 25, 2017

Court of Appeals Case No.
31A01-1705-DR-1102

Appeal from the Harrison Circuit Court

The Honorable John Evans, Special Judge

Trial Court Cause No.
31C01-1410-DR-240

**Bradford, Judge.**

# Case Summary

Appellant-Petitioner Marie Adkins ("Wife") and Appellee-Respondent Paul Adkins ("Husband") were married for just over fifty years before Wife filed a petition seeking the dissolution of the parties' marriage in October of 2014. Since the initiation of divorce proceedings, the parties have participated in numerous mediation sessions and have agreed to an equal division of their marital assets. The parties, however, reserved certain issues to be decided by the trial court, including issues relating to the alleged dissipation of the marital estate, misuse of marital funds, contempt, and attorney's fees. With respect to these remaining issues, on March 8, 2017, the trial court issued its findings of fact and conclusions thereon. Wife appeals, arguing that the trial court erred in finding that Husband did not dissipate the parties' marital estate. Finding no error by the trial court, we affirm.

# Facts and Procedural History

Husband and Wife were married in April of 1964. At the time of the marriage, the parties had very few assets. During the course of the marriage, the parties built a marital estate worth approximately $8,000,000.

While married, the parties owned and operated a number of companies, including: Adkins Hardwood; Adkins Sawmill; AII; Paul Adkins, LLC; and Triple A Woodworking. Adkins Hardwood was started in 1966 by Husband. Adkins Sawmill was purchased in 1987. Its purpose, in part, was to provide

lumber to Adkins Hardwood, although it did have other customers. Husband and Wife had equal stock ownership in Adkins Hardwood and Adkins Sawmill. Paul Adkins, LLC is a horse-racing business started by Husband in 2002.

[4] Although each of the businesses constituted separate entities, Husband and Wife would sometimes use money from one of the businesses to pay taxes or, when necessary, to fund the other businesses. Husband admitted that some distributions from the businesses were used to fund Paul Adkins, LLC. Husband did not hide the movement of funds between the businesses and always reflected the movement on the businesses' accountings.

[5] By 2006, Husband had expanded Paul Adkins, LLC to include a broodmare operation. As part of this operation, Husband bred and trained horses. At the time of the final hearing, the operation held approximately thirty-five horses and had typical associated costs. Larry Smallwood, an expert with over forty years of experience in the business side of the horse-racing industry, testified during the evidentiary hearing that Husband's expenses appeared reasonable in light of the costs to breed and train horses in Indiana. Although Wife initially claimed to be unaware of the horse-racing business, the business was listed on the parties' joint tax returns between 2005 and 2008.

[6] The parties separated in 2006, but reconciled shortly thereafter. Wife claimed that this separation occurred shortly after she learned of the horse racing business. Wife admitted that even though she had concerns about how Husband handled the parties' finances, after reconciling, she continued to

execute joint tax returns without reading the returns. Wife was not under the impression at any time after reconciling that Husband had ceased operation of the horse-racing business. The parties again separated in 2008.

[7] Wife filed a petition seeking the dissolution of the parties' marriage on October 27, 2014. Throughout the pendency of the divorce proceedings, the parties engaged in numerous mediation sessions. The parties were ultimately able to reach an agreement regarding the division of their marital assets. Specifically, the parties agreed to an equal distribution of the marital estate, with each party receiving approximately $4,000,000 in assets. However, the parties reserved some issues to be decided by the trial court, namely issues relating to the alleged dissipation of the marital estate, misuse of marital funds, contempt, and attorney's fees.

[8] Following a two-day evidentiary hearing, the trial court found, in relevant part, as follows:

> 44. Husband has not spent monies frivolously, wastefully or foolishly.
> 45. Husband had no intent to hide, deplete or divert the marital assets.
> 46. There has been do dissipation of the marital estate.
> 47. There is no basis to deviate from the equal division of marital assets.
> 48. The primary discovery issues arose as a result of the actions or positions of the companies' accountants, not Husband.
> ****
> 52. Wife's request to find Husband in contempt of Court is denied.
> 53. Wife's requests to award her additional monies on the basis

of dissipation, disposition of assets, or equalization of distributions, are denied.

54. Each party shall pay that party's own costs and attorney's fees.

Appellant's App. Vol. III, pp. 58-59. Wife now appeals.

# Discussion and Decision

In issuing the decree of dissolution, the trial court entered findings of fact and conclusions of law.

> Where a trial court has made findings of fact, we apply the following two-tier standard of review: whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions thereon. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). Findings will be set aside if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* To determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Id.*

*Campbell v. Campbell*, 993 N.E.2d 205, 209 (Ind. Ct. App. 2013). "As we conduct our review, we presume the trial court followed the law." *Id.* (citing *Rea v. Shroyer*, 797 N.E.2d 1178, 1181 (Ind. Ct. App. 2003)). "It is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.* (citing *Rea*, 797 N.E.2d at 1181).

## Whether the Trial Court Erred by Finding that Husband Did Not Dissipate the Marital Estate

"The term 'dissipate' is defined as '[t]o destroy or waste, as to expend funds foolishly.'" *In re Marriage of Coyle*, 671 N.E.2d 938, 943 (Ind. Ct. App. 1996) (citing BLACK'S LAW DICTIONARY 473 (6th ed. 1990)).

> Waste and misuse are the hallmarks of dissipation. Our legislature intended that the term carry its common meaning denoting "foolish" or "aimless" spending. *In re Marriage of Roberts*, 670 N.E.2d 72, 76 (Ind. Ct. App. 1996). Dissipation has also been described as the frivolous, unjustified spending of marital assets which includes the concealment and misuse of marital property. *Volesky v. Volesky*, 412 N.W.2d 750, 752-53 (Minn. Ct. App. 1987). It generally involves the use or diminution of the marital estate for a purpose unrelated to the marriage and does not include the use of marital property to meet routine financial obligations. *See id*.

*Id*.

"Whether a dissipation has occurred cannot be determined by applying one factor." *Id*. "The proper inquiry requires the trial court to weigh various considerations." *Id*. "The test for dissipation of marital assets is whether the assets were actually wasted or misused." *Id*. at 944. To determine whether dissipation has occurred, we consider the following factors:

> 1. Whether the expenditure benefited the marriage or was made for a purpose entirely unrelated to the marriage;
> 2. The timing of the transaction;
> 3. Whether the expenditure was excessive or de minimis; and

> 4. Whether the dissipating party intended to hide, deplete, or divert the marital asset.

*Kondamuri v. Kondamuri*, 852 N.E.2d 939, 952 (Ind. Ct. App. 2006) (footnote omitted). We generally apply an abuse of discretion standard when reviewing findings relating to dissipation. *See In re Marriage of Coyle*, 671 N.E.2d at 942. "'An abuse of discretion occurs if the trial court's decision is clearly against the logic and the effect of the facts and circumstances before the court or if the court has misinterpreted the law.'" *Kondamuri*, 852 N.E.2d at 949 (quoting *Thompson v. Thompson*, 811 N.E.2d 888, 924 (Ind. Ct. App. 2004), *trans. denied*).

[12] Wife contends that the trial court abused its discretion in finding that Husband did not dissipate the marital estate. Wife claims that since the parties' separation, Husband has dissipated $269,583 in marital assets.[1] She argues that most, if not all, of these funds have been lost in relation to Husband's horse-racing business. While acknowledging that the horse-racing business has made a profit in at least one of the years it has been in existence, Wife asserts that the business's losses can only be described as unreasonable and wasteful. Wife also asserts that Husband's expenditures during the breakdown of the parties' marriage should receive high scrutiny.

---

[1] Wife spends a significant portion of her Appellant's Brief arguing that since its incorporation, the horse-racing business has lost in excess of $1,000,000. However, in setting forth her requested relief, Wife only requests to be awarded $134,791.50, which she claims represents her share of the marital assets which have allegedly been dissipated since the parties' separation.

[13] The trial court heard a significant amount of evidence relating to the parties' finances and the finances of their numerous businesses over the course of two days. This evidence included both the parties' testimony and financial records. It also included the opinion of Smallwood, an expert with over forty years of experience in the business side of the horse-racing industry, testified during the evidentiary hearing that Husband's expenses appeared reasonable in light of the costs to breed and train horses in Indiana. After considering all of this evidence, the trial court determined that Husband's actions with regard to the horse-racing business did not amount to dissipation. Our review of the record does not leave us with the firm conviction that the evidence positively requires the conclusion that the trial court erred in reaching its decision. Wife's assertion otherwise amounts to nothing more than a request for this court to reweigh the evidence, which we will not do. *See Clary-Ghosh v. Ghosh*, 26 N.E.3d 986, 990 (Ind. Ct. App. 2015) (providing that "[w]e give due regard to the trial court's ability to assess the credibility of witnesses and will not reweigh the evidence").

[14] Wife further claims that there was no evidence suggesting that she acquiesced to the expenditures relating to the horse-racing business. In support of this claim, Wife points to evidence that she asserts proves that she objected to continuation of the horse-racing business. However, Wife points to no evidence that she demanded that the business be closed. Although Wife claims that she separated from Husband upon learning of the business in 2006, it is undisputed that Wife knew of the business's continued existence when she reconciled with Husband.

In addition, despite Wife's claimed objections to the way Husband was handling the parties' finances, Wife continued to sign tax documents without reviewing the documents or conducting oversight over the parties' finances. We agree with Husband's contention that the trial court could "draw the inference that [by] doing nothing for nearly a decade when one knows of a course of action[, the] inactive party at a minimum is tacitly agreeing with the course of action." Appellee's Br. p. 17. Wife's assertion that the trial court abused its discretion in finding that she acquiesced to the expenditures relating to the horse racing business again amounts to nothing more than a request for this court to reweigh the evidence, which we will not do. *See Ghosh*, 26 N.E.3d at 990.

# Conclusion

[15] Upon review, we conclude that the trial court did not abuse its discretion in finding that Husband did not dissipate the marital estate. As such, we affirm the judgment of the trial court.[2]

[16] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.

---

[2] Given our conclusion, we consequently reject Wife's request for us to make a finding that Husband dissipated the marital assets and order a so-called "equalization payment" without remanding the matter back to the trial court.