*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0568**

In the Marriage of:

Alisha Christine Steinolfson, petitioner,
Appellant,

vs.

Christopher Steingrimur Steinolfson,
Respondent.

**Filed March 16, 2026
Affirmed in part, reversed in part, and remanded
Ross, Judge**

Dakota County District Court
File No. 19AV-FA-22-2111

Wayne A. Jagow, Jagow Law Office, P.A., Burnsville, Minnesota (for appellant)

Zachary P. Marsh, Marsh PLLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Ross, Judge; and Florey, Judge.*

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

We are asked to review the district court's division of marital assets after Alisha and Christopher Steinolfson's divorce. The parties had separated shortly after Christopher

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

purchased a company and the couple refinanced their marital home to obtain $100,000 for him to operate it. A business appraiser valued the company at $100,000 when the parties bought it and $370,000 on the parties' stipulated valuation date. The district court accepted the $370,000 valuation but, because it found that Alisha had not contributed to the increase in value, awarded the increase solely to Christopher in the division of marital assets. We affirm that decision because it resulted from the district court's exercise of its broad discretion in deciding how to equitably distribute marital property. But we reverse in part because the circumstances obligated the district court to grant Alisha's motion for need-based attorney fees and remand for the district court to determine the proper award.

## FACTS

Alisha and Christopher Steinolfson wed in 2006. At that time, Christopher worked for Colonial Auto LLC, which owned and operated multiple suburban gas stations. He continued working for Colonial and in 2021 began discussions to purchase the company. He signed a purchase agreement in December 2021 for all Colonial assets. Alisha and Christopher then refinanced their home to raise $100,000 in operating capital for the business. Christopher closed the purchase on March 1, 2022.

Almost immediately after the business purchase, the parties separated and Alisha moved from their marital home. Christopher assumed complete financial responsibility for the home and for the care of the parties' minor children and was solely responsible for building his new business. Within four months, Alisha petitioned for divorce.

The parties agreed on a neutral business expert to value Christopher's company, which he renamed Colonial Enterprises LLC, with a valuation date of September 19, 2022.

2

The expert concluded that Christopher's total ownership share of the newly formed company was $370,000 on September 19, 2022, and $100,000 on March 1, the date of the closing.

Two of the issues in the parties' dissolution trial in 2024 were the division of marital property and Alisha's motion for need-based attorney fees of $20,561. The district court received documentary evidence and testimony over the course of a one-day trial. The district court dissolved the marriage in a judgment and decree that obligated Christopher to pay Alisha $57,931.50 as an equalizer payment in the division of marital assets and denied Alisha's motion for attorney fees. It awarded the company to Christopher and based the equalizer payment in part on its valuing the company at $100,000.

Both parties moved to amend the judgment and decree. Alisha argued mainly that the district court had errantly based the valuation on the wrong date of March 1, 2022, rather than the parties' stipulated valuation date of September 19. The district court amended the judgment and decree by acknowledging September 19 as the valuation date, but it did not amend the equalizer amount. It determined that Christopher should be credited with the appreciation of the company's value occurring from its purchase to the valuation date because Alisha was not involved in its operation and did nothing to contribute to its increase in value. The district court also credited Christopher's testimony that a period of unusually high profit margins and the industry practice of maintaining large cash reserves to cover the cost of uninsured but foreseeable expenses artificially inflated the business's value.

3

The district court also elaborated on its reason for denying Alisha need-based attorney fees under Minnesota Statutes section 518.14, subdivision 1 (2024). It reasoned that Alisha had satisfied the statute's first two factors by proving that she needed the fees to cover her good-faith assertion of rights and that Christopher had the means to pay them. But it found that Alisha did not satisfy the third factor because she had the means to pay her attorney based on her share of the divided marital assets.

Alisha appeals.

**DECISION**

Alisha asks us to reverse the district court's decision dividing the marital assets, which she contends resulted from the district court's erroneous decision to credit only Christopher with the company's increase in value from $100,000 to $370,000. She also asks us to reverse the district court's refusal to award her need-based attorney fees, which the district court based on her ability to pay her attorney from her share of the property division. We address each argument.

**I**

Alisha argues that the district court improperly refused to increase the equalizer payment to award her an equal half of the marital estate by recalculating the payment to include the increased valuation of Colonial. Although the sharp increase in the expert's valuations of the company from $100,000 on March 1 to $370,000 on September 19 lacked a detailed explanation, neither party contests the district court's valuation as clearly erroneous. We therefore accept as an unchallenged factual finding that the company's value

4

nearly quadrupled in about seven months after Christopher purchased it and the parties separated.

Alisha's argument depends on our requiring the district court to divide the marital assets equally. But the district court in its discretion must divide marital assets equitably rather than equally. *See* Minn. Stat. § 518.58, subd. 1 (2024) (requiring the district court to "make a just and equitable division of the marital property of the parties" based on "all relevant factors" and considering "the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property"); *White v. White*, 521 N.W.2d 874, 878 (Minn. App. 1994). We review a district court's marital-property division for an abuse of that discretion. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). Although Alisha asks us to instead apply a mixed review standard of "both abuse of discretion and *de novo*," the latter standard applies to statutory-interpretation issues, *In re Est. of Torgersen*, 711 N.W.2d 545, 550 (Minn. App. 2006), *rev. denied* (Minn. June 20, 2006), and her argument does not require us to interpret any statute. We will review for an abuse of discretion.

We conclude that the district court did not abuse its broad discretion because it grounded its decision on the statutory framework the legislature provided. It specifically considered the "contribution of each" spouse to the "appreciation" of the contested marital property. Minn. Stat. § 518.58, subd. 1. It recognized that Alisha contributed to the initial purchase by supporting the household and agreeing to refinance the marital home to raise capital, but it also observed that she ceased all contributions at the time of the purchase. The district court was correct to focus on the parties' periods of cohabitation and

separation, as the statute instructs courts that this distinction is relevant through its presumption that property acquired during cohabitation is marital property. *See id.* While the evidence does not establish that the company's increase in value resulted from any unique business practice or other effort by Christopher after he took ownership, the district court found specifically that the increase did not result from any contribution provided by Alisha. That finding is uncontested on appeal. Alisha points to factors that could have supported a different result, highlighting that she had wanted the company to provide some security during the parties' retirement and that she provided household services during the marriage. But we cannot substitute our judgment for that of the district court on how to weigh the evidence or exercise its discretion, "even though we might have taken a different approach." *Antone*, 645 N.W.2d at 100. We restrain our decision as deference requires.

Alisha argues unconvincingly that the district court may divide marital property unequally only in exceptionally limited circumstances. None of the precedential cases she relies on establish the principle she urges us to apply. *See Volesky v. Volesky*, 412 N.W.2d 750, 751–53 (Minn. App. 1987); *Doering v. Doering*, 385 N.W.2d 387, 391–92 (Minn. App. 1986); *Reynolds v. Reynolds*, 498 N.W.2d 266, 270–71 (Minn. App. 1993); *Kaste v. Kaste*, 399 N.W.2d 128, 130 (Minn. App. 1987), *rev. denied* (Minn. Mar. 13, 1987); *Nemmers v. Nemmers*, 409 N.W.2d 225, 228 (Minn. App. 1987); *March v. March*, 435 N.W.2d 569, 571 (Minn. App. 1989). We reject this argument as legally unfounded.

We are not persuaded otherwise by Alisha's contention that the district court's decree is "completely devoid of any analysis" of most of the factors mentioned in the marital-property-division statute or her contention that the district court disparagingly

6

mischaracterized her as having "essentially walk[ed] away from any ties to the family" by separating at the time of the business purchase. District courts meet their procedural duties by considering those factors relevant to property division, not necessarily by considering all factors mentioned in the statute. *See Dick v. Dick*, 438 N.W.2d 435, 437 (Minn. App. 1989). The district court identified and analyzed the factors it found most relevant, meeting the statutory requirement. And although the district court may not divide marital property based on any finding of fault, *Stassen v. Stassen*, 351 N.W.2d 20, 24 (Minn. App. 1984), it is not prohibited from considering a spouse's conduct that bears on the parties' relative contributions toward the value of marital property, *Sirek v. Sirek*, 693 N.W.2d 896, 900 (Minn. App. 2005). Our review of the district court's decision satisfies us that its remark, which might reasonably be construed as improperly disparaging, might instead be construed as a factor relevant to the valuation decision—the parties' contributions to the increase in the company's value. Without dispute, Christopher's, but not Alisha's, contribution could have affected the increase in value. We conclude that the district court's decision and reasoning fell within its discretion.

## II

Alisha challenges the district court's denial of her motion for need-based attorney fees. A district court "shall" award need-based attorney fees if it "finds" that the fees are necessary for a good-faith assertion of a party's rights and will not unnecessarily contribute to the length and expense of the proceeding, the party from whom the fees are sought has the ability to pay the fees, and the party seeking fees lacks the means to pay the fees. Minn. Stat. § 518.14, subd. 1. The district court found that Alisha satisfied the first two criteria

7

but not the third, finding that she could afford to pay her fees based on her share of the marital assets. Alisha challenges the finding on this third factor.

Alisha's challenge prompts us to address our somewhat uncertain standard of review on this issue. Despite the statutory framing that a district court awards fees if it "finds" the three factors, some caselaw suggests that appellate courts review a district court's decision whether to award need-based attorney fees for an abuse of the district court's discretion. *See, e.g.*, *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999). Although the parties disagree about the standard of appellate review of the district court's denial of Alisha's motion for need-based attorney fees, we resolve the appeal without attempting to resolve the standard-of-review disagreement. If Minnesota Statutes section 518.14, subdivision 1, mandates an award of need-based attorney fees, it does so only if the district court finds the three facts listed in the statute. Alisha challenges one of the findings of those facts, and the standard for appellate review of a district court's factual finding is clear error. Minn. R. Civ. P. 52.01; *Madden v. Madden*, 923 N.W.2d 688, 696 (Minn. App. 2019). On the other hand, if abuse of discretion is the standard of review of the district court's denial of a motion for need-based fees, the supreme court has stated that a district court abuses its discretion if its factual findings are unsupported by the evidence, it improperly applies the law, or it resolves the discretionary question in a manner contrary to logic and the facts. *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022). Of these potential bases for us to rule that the district court abused its discretion, Alisha's argument asserts the first—that the district court incorrectly found that she can pay the fees. And because the standard of appellate review of the district court's findings of fact is clear error, we review here for clear error.

The district court premised the challenged finding on Alisha's having to substantially invade her marital-property settlement, surrendering more than a third of it to attorney fees. In determining a party's ability to pay her attorney fees, district courts certainly may consider a party's marital-property award. *Schultz v. Schultz*, 383 N.W.2d 379, 383 (Minn. App. 1986). But the district court's finding here—that Alisha's award gives her the means to pay—is inconsistent with its findings elsewhere that her award and support are all that keeps her from perpetual debt given her very limited means. The inconsistency is not explained. The invasion of Alisha's share of marital assets to pay her attorney fees simply cuts too deeply, especially given her otherwise limited ability to support herself. Because the district court clearly erred by finding that Alisha can pay her attorney fees, it incorrectly concluded that she fails to meet the criteria of Minnesota Statutes section 518.14, subdivision 1. We therefore reverse the attorney-fee decision and remand for the district court to determine the appropriate fee award.

**Affirmed in part, reversed in part, and remanded.**